**Proposed Hearing Date: September 28, 2023 @ 10:00 a.m. EST**
**Proposed Objection Deadline: September 28, 2023 @ 10:00 a.m. EST**[1]

**BARCLAY DAMON LLP**
Janice B. Grubin
Ilan Markus
1270 Avenue of the Americas, Suite 501
New York, New York 10020
Telephone: (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barclaydamon.com

*Counsel to Debtors and Debtors-in-Possession / Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| GSI WIND DOWN, INC., *et al.*,[2] | Case No. 22-11057 (MEW) |
| Debtors. | Lead Case |
| | Jointly Administered |
| GSI WIND DOWN, INC. and GETSWIFT TECHNOLOGIES LIMITED, | |
| Plaintiffs, | Adv. No. 23-01015 (MEW) |
| v. | |
| RETAIL ECOMMERCE VENTURES, LLC, | |
| Defendant. | |

**NOTICE OF HEARING OF DEBTORS'/PLAINTIFFS' MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT BETWEEN DEBTORS AND RETAIL ECOMMERCE VENTURES, LLC DISMISSING ADVERSARY PROCEEDING**

---

[1] Given the request for shortened notice filed contemporaneously herewith, the Debtors propose a deadline for written objections at 10 a.m. on the date of the hearing, with oral objections permitted at the hearing.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GSI Wind Down, Inc. f/k/a GetSwift, Inc. (4235) and GetSwift Technologies Limited (4875).

1

**PLEASE TAKE NOTICE** that a hearing to consider the *Motion for Entry of Order Approving Settlement Between Debtors and Retail Ecommerce Ventures, LLC Dismissing Adversary Proceeding* (the "**Motion**"), filed by GSI Wind Down, Inc. f/k/a GetSwift, Inc., and GetSwift Technologies Limited, debtors and debtors-in-possession in the above-captioned chapter 11 cases (each a "**Debtor**" and collectively, the "**Debtors**" or "**Plaintiffs**").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on **September 28, 2023, at 10:00 a.m. (prevailing Eastern Time**) (the "**Hearing**") before the Honorable Judge Michael E. Wiles, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that, in accordance with General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"[3]), the Hearing will be conducted telephonically. Any parties wishing to participate must do so telephonically by making arrangements through CourtSolutions LLC (www.court-solutions.com). Instructions to register for CourtSolutions LLC are attached to General Order M-543.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein or by contacting the undersigned.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (collectively, "**Objections**") to the Motion shall either be (i) in writing, shall comply with the Federal Rules of

---

[3] A copy of General Order M-543 can be obtained by visiting http://www.nysb.uscourts.gov/news/general-order-m-543-court-operations-under-exigent-circumstances-created-covid-19.

2

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), or (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to the chambers of Judge Wiles), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399, so as to be filed and received no later than **September 28, 2023 at 10:00 a.m. (prevailing Eastern Time)**, or (ii) made orally at the Hearing (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated:   September 14, 2023
         New York, New York

**BARCLAY DAMON LLP**

By:   */s/Ilan Markus*
Janice B. Grubin
Ilan Markus
1270 Avenue of the Americans, Suite 501
New York, New York 10020
Telephone: (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barclaydamon.com

*Counsel to Debtors and Debtors-in-Possession / Plaintiffs*

3

**Proposed Hearing Date: September 28, 2023 @ 10:00 a.m. EST**
**Proposed Objection Deadline: September 28, 2023 @ 10:00 a.m. EST**[1]

**BARCLAY DAMON LLP**
Janice B. Grubin
Ilan Markus
1270 Avenue of the Americas, Suite 501
New York, New York 10020
Telephone: (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barclaydamon.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11, Subchapter V |
| | : | |
| GSI WIND DOWN, INC., *et al.*,[2] | : | Case No. 22-11057 (MEW) |
| | : | Lead Case |
| Debtors. | : | Jointly Administered |
| GSI WIND DOWN, INC. and | : | |
| GETSWIFT TECHNOLOGIES LIMITED, | : | |
| | : | |
| Plaintiffs, | : | Adv. No. 23-01015 (MEW) |
| | : | |
| v. | : | |
| | : | |
| RETAIL ECOMMERCE VENTURES, LLC, | : | |
| | : | |
| Defendant. | : | |

**DEBTORS'/PLAINTIFFS' MOTION FOR ENTRY OF**
**ORDER APPROVING SETTLEMENT BETWEEN**
**DEBTORS AND RETAIL ECOMMERCE VENTURES, LLC**

---

[1] Given the request for shortened notice filed contemporaneously herewith, the Debtors propose a deadline for written objections at 10:00 a.m. on the date of the hearing, with oral objections permitted at the hearing.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GSI Wind Down, Inc. f/k/a GetSwift, Inc. (4235) and GetSwift Technologies Limited (4875).

1

GSI Wind Down, Inc. f/k/a GetSwift, Inc. ("**GSI**") and GetSwift Technologies Limited ("**Technologies**"), the debtors and debtors-in-possession (each a "**Debtor**" and collectively, the "**Debtors**"), by and through their undersigned counsel, hereby submit this *Motion for Entry of Order Approving Settlement Between Debtors and Retail Ecommerce Ventures, LLC Dismissing Adversary Proceeding* (the "**Motion**"), seeking the entry of an order, pursuant to sections 105(a) and 363 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), approving the settlement between the Debtors and Retail Ecommerce Ventures, LLC ("**REV**" and together with the Debtors, the "**Parties**") to dismiss this adversary proceeding. In support thereof, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

2.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Bankruptcy Rule 7008, the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

## BACKGROUND

2.  On August 2, 2022, each of the Debtors filed petitions under Subchapter V of Chapter 11 of the Bankruptcy Code commencing these Chapter 11 cases (the "Chapter 11 Cases").

2

3.  On August 12, 2022, the Court approved bid procedures governing the process for the sale of GSI's business to the highest and best bidder (the "**Bid Procedures Order**," Dkt No. 34).

4.  The Debtors engaged with potential buyers and, ultimately, the Debtors were in possession of two qualified bids (including the stalking horse bid) prior to the expiration of the Bid Deadline on September 14, 2022.

5.  On September 29, 2022, the Debtors filed their Notice of Successful Bid, Successful Bidder, Successful Bidder's Adequate Assurance of Future Performance, and Sale Hearing [Dkt No. 89] stating that the auction had been held, at which REV and SF2 GSW LLC, the stalking horse bidder, were declared the successful bidder and the backup bidder, respectively.

6.  The Bankruptcy Court approved the Sale and REV's APA at the hearing on September 30, 2022 and the *Order (A) Authorizing the Sale of Substantially All of the Assets of GetSwift, Inc., Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption or Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief* [Dkt No. 95] was entered on September 30, 2022. The closing on the REV APA was contemplated shortly thereafter.

7.  REV sought and obtained two extensions of the deadline for REV to close on the Sale:

    (i)  to October 3, 2022 - the Debtors, SF2 GSW LLC, Galatic Ventures LLC, and REV entered into a certain Agreement to Amend (i) REV APA, (ii) SF2 APA, and (iii) DIP Loan Agreement to extend the deadlines under the APAs and the DIP Loan Agreement and provide for a purchase price adjustment at closing by requiring REV to pay $75,000 to SF2. Notice of the amendment was filed with the Court on October 3, 2022 [Dkt No. 96]; and

    (ii) to October 7, 2022 - a second agreement was entered into between the parties amending the REV APA, the SF2 APA, and the DIP Loan Agreement further extending the deadlines under the APAs and DIP Loan

Agreement and requiring REV to pay $50,000 to SF2. Notice of the amendment was filed with the Court on October 7, 2022 [Dkt No. 98].

8.  On October 13, 2022, REV informed the Debtors that it would not close on the Court-approved sale. On that same date, the back-up bidder, SF2 GSW LLC, advised the Debtors that it was not required to purchase the Debtors' SaaS business pursuant to the Sale Order.

9.  Although the backup bidder took the position that it was not required to close on its backup bid, negotiations nonetheless went forward between the Debtors and SF2 GSW LLC to preserve the sale of the going concern SaaS business, which the Debtors believed was in the best interests of their estates and creditors.

10. Those negotiations resulted in the Debtors filing their Motion for Approval of (I) Third Amendment to Asset Purchase Agreement and (II) Supplemental Sale Order on shortened notice on November 11, 2022. S*ee* Motion at Dkt Nos. 108 and supporting Declaration of Joel Macdonald at Dkt No. 111.

11. A *Supplemental Order (A) Authorizing the Sale of Substantially All of the Assets of GetSwift, Inc., Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption or Assumption and Assignment of Certain Executory Contracts Related Thereto, and (C) Granting Related Relief* was entered by the Court on November 15, 2022 [Dkt No. 113] (the "**Supplemental Sale Order**") approving the third amendment to the SF2 APA and the sale to SF2 GSW LLC.

12. On December 17, 2022, the Debtors filed their *Notice of Closing Under Asset Purchase Agreement* [Dkt No. 119] advising that the parties had closed on the purchase under the SF2 APA, effective November 30, 2022.

13. On February 27, 2023, the Debtors initiated an adversary proceeding against REV (Adv. Proc. No. 23-1015, the "**REV Litigation**") to recover, among other things, the damages and

4

losses suffered by the Debtors, their chapter 11 estates, and creditors as a result of REV's breach of the REV APA.

14. After the Debtors moved to dismiss REV's first attempt at a counterclaim, REV filed an amended counterclaim. At the July 19 hearing thereon, REV withdrew those aspects of its amended counterclaim that related to alleged oral representations made before the submission of its qualified bid to purchase the Debtors' SaaS assets. The Court denied the Debtors' motion to dismiss from the bench.

15. The Debtors have filed a structured dismissal motion (the "Dismissal Motion") [Doc. No. 160] for, among other things, entry of an order authorizing the distribution to creditors in accordance with the bankruptcy priority scheme and the dismissal of the Chapter 11 Cases (the "Dismissal Order"). As set forth in more detail in the Dismissal Motion, the Dismissal Order, if entered, will provide for payment of allowed compromised professional claims, payment of all allowed priority claims, and a *pro rata* distribution to holders of allowed unsecured claims. The Debtors believe that this settlement is in the best interests of creditors based on communications with their creditors and their knowledge of these Chapter 11 Cases.

## **RELIEF SOUGHT**

16. By this Motion, the Debtors request entry of an order, substantially in the form of attached hereto as **Exhibit A**, authorizing the Debtors to settle the REV Litigation by way of the Debtors' dismissal of its claims in the REV Litigation and REV's dismissal of its claims in the REV Litigation and the exchange of mutual releases. Attached hereto as **Exhibit B** is the Mutual Release Agreement that the Parties have agreed to execute, subject only to Court approval of this Motion.

5

**BASIS FOR RELIEF**

17. Approval of the Stipulation is governed by Rule 9019(a) of the Bankruptcy Rules, which provides that "[o]n motion by the [Debtors] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bank. P. 9019(a). As such, Bankruptcy Rule 9019(a) "empowers the Bankruptcy Court to approve compromises and settlements if they are in the best interests of the estate." *Vaughn v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert Grp., Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

18. In determining whether to approve a proposed settlement, a court must find that the settlement is fair and equitable, reasonable and in the best interests of the debtor's estate and creditors. *See Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Air Line Pilots Ass'n, Int'l. v. Am. Nat'l Bank & Tr. Co. of Chicago (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994). The decision to approve a particular compromise or settlement is within the sound discretion of the Bankruptcy Court. *Drexel Burnham*, 134 B.R. at 505. That "discretion should be exercised in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998); see also Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994) ("[T]he general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above.").

19. A court need not decide the numerous issues of law and fact a settlement raises to approve the settlement under Bankruptcy Rule 9019; rather, it should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)); *In re Lynch*, No. 19-cv-3837(GRB), 2022 U.S. Dist. LEXIS 91195,

6

at *8 (E.D.N.Y. May 20, 2022) (same); In re Purofied Down Prods. Corp., 150 B.R. 519, 522 (S.D.N.Y. 1993) (in making the determination of reasonableness, the court need not conduct a "mini-trial" on the merits). Put another way, "[a]ll that [the proponent of the settlement] must do is establish . . . [that] it is prudent to eliminate the risks of litigation to achieve specific certainty though admittedly [the settlement] might be considerably less (or more) than were the case fought to the bitter end." *Fla. Trailer & Equip. Co. v. Deal*, 284 F.2d 567, 573 (5th Cir. 1960) (citation omitted).

20.  Courts in the Second Circuit apply the following factors in determining whether a settlement meets the requirements of Rule 9019:

> a.  the probability of success in litigation, with due consideration for the uncertainty in fact and law;
>
> b.  the difficulties of collecting any litigated judgment;
>
> c.  the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay;
>
> d.  the proportion of creditors who do not object to, or who affirmatively support, the proposed settlement;
>
> e.  the competence and experience of counsel who support the settlement;
>
> f.  the relative benefits to be received by members of any affected class;
>
> g.  the extent to which the settlement is truly the product of arm's-length bargaining and not the product of fraud or collusion; and
>
> h.  the debtor's informed judgment that the settlement is fair and reasonable.

*In re Adelphia Commc'ns Corp.*, 368 B.R. 140, 226 (Bankr. S.D.N.Y. 2007) (citing I*n re Texaco, Inc.*, 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988)); *Purofied Down Prods.*, 150 B.R. at 522; *Drexel Burnham*, 134 B.R. at 506. Each of these factors supports approval of the Stipulation here as set forth in greater detail below.

20.  Under the proposed Dismissal Order, after payment of allowed, compromised professional fees and payment of allowed priority unsecured claims, creditors with allowed general unsecured claims ("Allowed GUCs") would receive an immediate distribution. Because the Court

denied Debtors' motion to dismiss REV's amended counterclaim in the Adversary Proceeding, and because that amended counterclaim asserted an administrative claim against the Debtors, the Debtors and the Allowed GUCs became concerned that continuing pursuit of the REV Litigation would delay and potentially eliminate their recovery proposed in the Dismissal Motion. In addition, the costs and uncertainty of the litigation and reports of REV's shaky finances further added to those concerns.

21. Accordingly, after communicating with the Allowed GUCs and/or their counsel that hold many of the largest claims, and those that have been in communication with the Debtors during these Chapter 11 Cases, those Allowed GUCs all support approval of this Motion and entry of the Dismissal Order (as modified to incorporate this settlement).

## NOTICE

22. Notice of this Motion will have been provided to the Master Service List.

23. In light of the nature of the relief requested, the Debtors respectfully submit that such notice is adequate and sufficient and that no further notice is necessary.

## NO PRIOR REQUEST

24. No prior request for the relief sought in the Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors request this Court enter an order granting this Motion and such other and further relief as the Court deems just and proper.

Dated: September 14, 2023
       New York, New York

**BARCLAY DAMON LLP**

By:   */s/Ilan Markus*
Janice B. Grubin
Ilan Markus
1270 Avenue of the Americans, Suite 501
New York, New York 10020
Telephone: (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barclaydamon.com

*Counsel to Debtors and Debtors-in-Possession / Plaintiffs*

9

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11, Subchapter V |
|  | : |  |
| GSI WIND DOWN, INC., *et al.*,[1] | : | Case No. 22-11057 (MEW) |
|  | : | Lead Case |
| Debtors. | : | Jointly Administered |
| GSI WIND DOWN, INC. and | : |  |
| GETSWIFT TECHNOLOGIES LIMITED, | : |  |
|  | : |  |
| Plaintiffs, | : | Adv. No. 23-01015 (MEW) |
|  | : |  |
| v. | : |  |
|  | : |  |
| RETAIL ECOMMERCE VENTURES, LLC, | : |  |
|  | : |  |
| Defendant. | : |  |

**ORDER GRANTING DEBTORS'/PLAINTIFFS' MOTION FOR**
**ENTRY OF ORDER APPROVING SETTLEMENT BETWEEN DEBTORS AND**
**RETAIL ECOMMERCE VENTURES, LLC DISMISSING ADVERSARY PROCEEDING**

Upon the Motion (ECF __, the "**Motion**")[2] of the above captioned debtors and debtors-in-possession (the "**Debtors**"), pursuant to Bankruptcy Code sections 105(a) and 363 and Bankruptcy Rule 9019(a) approving the settlement between the Debtors and Retail Ecommerce Ventures, LLC ("REV" and, together with the Debtors, the "Parties"); and the Court having subject matter jurisdiction to consider and determine the Motion, and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 and it appearing that due and sufficient notice of the Motion has been given and upon

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GSI Wind Down, Inc. f/k/a GetSwift, Inc. (4235) and GetSwift Technologies Limited (4875).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

11

the record of the hearing on the Motion and all of the proceedings had before this Court; and all objections to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The REV Litigation shall be dismissed and mutual releases exchanged between the Parties, with each Party to bear its own costs.

3. The Debtors and REV are authorized to take any and all action necessary to effectuate the relief granted pursuant to this Order.

4. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
New York, New York

_____
Honorable Michael E. Wiles
United States Bankruptcy Judge

# **EXHIBIT B**

**Mutual Release Agreement**

13

# **MUTUAL RELEASE AGREEMENT**

**THIS MUTUAL RELEASE AGREEMENT** (this "**Agreement**") is made as of the ___ day of September, 2023 by and among **GSI WIND DOWN, INC. and GETSWIFT TECHNOLOGIES LIMITED**, debtors and debtors-in-possession (collectively, "the "Debtors") in *In re GSI Wind Down, Inc., et al.*, Case No. Case No. 22-11057-MEW (the "**Case**"), pending in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), and **RETAIL ECOMMERCE VENTURES LLC** ("**REV**"), the defendant and counterclaimant in Adversary Proceeding No. 23-01015 (the "**Adversary Proceeding**") filed by the Debtors. The Debtors and REV are collectively referred to herein as the "Parties" and, individually as a "Party." The Debtors, with the consent of REV, have filed a motion with the Court, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedures, to settle the Adversary Proceeding by releasing the Parties' claims against each other and dismissing the Adversary Proceeding in its entirety, with each Party to bear its own costs (the "**Settlement Motion**").

NOW, THEREFORE, in consideration of the mutual agreements contained herein and the Settlement Motion, the parties hereto hereby agree as follows:

1. Upon entry of an order in the Court granting the Settlement Motion and full execution and delivery of this Agreement by all Parties to Barclay Damon, the Debtors, for the consideration described in this Agreement, the sufficiency of which they hereby acknowledge, hereby forever discharge and release, for itself and its successors, assigns, and (collectively, the **"DEBTOR RELEASORS"**), REV and all of its present and former members, partners, officers, trustees, directors, shareholders, managers, affiliates, investment advisors, employees, attorneys, agents, representatives, insurers, and all their respective successors and assigns (collectively, the **"REV RELEASEES"**), of and from any and all claims, causes of action, debts, accounts, liens, controversies, covenants, promises, judgments, lawsuits, rights, charges, obligations, and demands whatsoever, whether sounding in contract or tort or by statute, in law or in equity, that any of the DEBTOR RELEASORS have, had, or may have against any of the REV RELEASEES, whether known or unknown, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time until the date of execution of this Agreement.

2. Upon entry of an order in the Court granting the Settlement Motion and full execution and delivery of this Agreement by all Parties to Barclay Damon, REV, for the consideration described in this Agreement, the sufficiency of which it hereby acknowledges, hereby forever discharges and releases, for itself and its successors, assigns, and (collectively, the **"REV RELEASORS"**), the Debtors and all of their respective present and former members, partners, officers, trustees, directors, shareholders, managers, affiliates, investment advisors, employees, attorneys, agents, representatives, insurers, and all their respective successors and assigns (collectively, the **"DEBTOR RELEASEES"**), of and from any and all claims, causes of action, debts, accounts, liens, controversies, covenants, promises, judgments, lawsuits, rights, charges, obligations, and demands whatsoever, whether sounding in contract or tort or by statute, in law or in equity, that any of the REV RELEASORS have, had, or may have against any of the DEBTOR RELEASEES, whether known or unknown, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time until the date of execution of this Agreement, including, without limitation, any deposit or other funds delivered to the Debtors in the Case.

3. This Agreement may be executed in any number of counterparts and by the parties hereto in separate counterparts, each of which shall be deemed to be an original, but all of which together shall constitute but one and the same agreement. The parties hereto hereby acknowledge and agree that a facsimile or electronic transmission of the signature pages to this Agreement by portable document format (.pdf) or signature by Docusign or similar electronic signature purporting to be signed on behalf of any party hereto shall constitute effective and binding execution and delivery of this Agreement by such Party.

4. This Agreement and any disputes arising from or relating to this Agreement, shall be governed, construed, and enforced under the laws of the State of New York, without regard to its conflicts of law principles.

5. Each Party represents and warrants that it has not assigned its claims against the other Party to any other person or entity.

IN WITNESS WHEREOF, the parties hereto have caused this Mutual Release Agreement to be duly executed as of the day and year first above written.


**GSI WIND DOWN, INC. and**
**GETSWIFT TECHNOLOGIES LIMITED,**


By: _____
Joel Macdonald
Title: CEO



**RETAIL ECOMMERCE VENTURES, LLC**


By: _____

Title:

2